# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Transcontinental Gas Pipe Line Co., LLC (Appellant) vs. Pennsylvania Environmental Hearing Board, et al.

USCA NO.: 24-1099

LOWER COURT or AGENCY and DOCKET NUMBER:
U.S. District Court, Middle District of Pennsylvania, Docket No. 1:23-cv-00463-CCC

NAME OF JUDGE: The Honorable Christopher C. Conner

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiff-Appellant Transcontinental Gas Pipe Line Company, LLC (Transco) is suing the Pennsylvania Environmental Hearing Board and the Board's Judges (the EHB), and Citizens for Pennsylvania's Future, Delaware Riverkeeper Network, and Maya K. van Rossum, the Delaware Riverkeeper (the EHB Appellants), seeking declaratory and injunctive relief. Transco seeks a declaration that, under the Natural Gas Act, the U.S. Court of Appeals for the Third Circuit has original and exclusive jurisdiction over appeals challenging permits issued by the Pennsylvania Department of Environmental Protection (PADEP) pursuant to federal law for Transco's Regional Energy Access Expansion Project (Project), which is an interstate natural gas pipeline project. Transco seeks injunctive relief prohibiting the EHB and the EHB Appellants from proceeding with the EHB Appellants' appeal to the EHB of certain PADEP permits issued for the Project. The EHB Appellants moved to dismiss Transco's complaint, and the District Court granted their motion and dismissed Transco's complaint with prejudice. That decision is the subject of this appeal.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

1. District Court Docket No. 37 (December 22, 2023) - Order granting the EHB Appellants' motion to dismiss and dismissing Transco's complaint with prejudice.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

PADEP, acting pursuant to delegated authority under the federal Clean Water Act, issued permits for Transco's interstate natural gas pipeline project. The federal Natural Gas Act vests the federal Courts of Appeals with original and exclusive jurisdiction to hear challenges to such permitting actions. 15 U.S.C. 717r(d)(1). The EHB Appellants appealed the PADEP-issued permits not to this Court as the Natural Gas Act requires, but instead to the EHB. Transco filed a complaint for declaratory and injunctive relief with the U.S. District Court for the Middle District of Pennsylvania. The EHB Appellants moved to dismiss Transco's complaint, and the District Court granted their motion and dismissed Transco's complaint with prejudice. Transco now appeals that decision.

Identify the issues to be raised on appeal:

Transco anticipates raising the following issue on appeal, but respectfully reserves the right to amend or supplement this issue, or to raise other issues:

Whether the District Court erred in granting the EHB Appellants' motion to dismiss and dismissing Transco's complaint with prejudice?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __01__ day of __February__ ,20__24__.

s/ Elizabeth U. Witmer
_____
Signature of Counsel

Rev. 07/2015

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,** | : | CIVIL ACTION NO. 1:23-CV-463 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA ENVIRONMENTAL HEARING BOARD,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 22nd day of December, 2023, upon consideration of the motion (Doc. 27) to dismiss filed by defendants the Delaware Riverkeeper Network, Maya K. van Rossum, and Citizens for Pennsylvania's Future (collectively, "EHB Appellants"), and the brief (Doc. 28) in support thereof, wherein the EHB Appellants argue the complaint (Doc. 1) filed by plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco"),[1] should be dismissed because Transco's request

---

[1] We addressed the procedural history of this case in our memorandum of June 5, 2023. (See Doc. 29 at 1-2). To summarize, Transco initiated this action in March 2023 by filing a two-count complaint naming the Pennsylvania Environmental Hearing Board ("EHB"), its judges, and the EHB Appellants as defendants. Transco seeks declaratory judgment that (1) the United States Court of Appeals for the Third Circuit has original and exclusive jurisdiction over review of the pipeline-related permits issued by the Pennsylvania Department of Environmental Protection ("DEP"), which are the subject of the EHB Appellants' contested administrative appeal to the EHB (Count I), and (2) that the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, otherwise preempts EHB review of those permits (Count II). (See Doc. 1 at 14-18). Transco subsequently sought to preliminarily enjoin the EHB appeal, which we denied on June 5, 2023. (See Docs. 29, 30). Our court of appeals recently affirmed our decision, see Transcontinental Gas Pipe Line Co. v. Pa. Env't Hr'g Bd., No. 23-2052, Doc. 51 (3d Cir. Oct. 31, 2023), although it has not yet issued an opinion in connection with its judgment. The arguments set forth in

for relief is predicated upon an erroneous interpretation of federal law, (see Doc. 28 at 6), such that relief cannot be granted, see FED. R. CIV. P. 12(b)(6); see also Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."), and further upon consideration of Transco's brief (Doc. 33) in opposition, wherein Transco reiterates its view that any additional administrative review of DEP's certification decisions in connection with projects covered by the Natural Gas Act ("NGA") must be pursued "before the Third Circuit or not at all," (see Doc. 33 at 10-13 (discussing Del. Riverkeeper Network v. Sec'y Pa. Dep't of Env't Prot., 903 F.3d 65 (3d Cir. 2018) ("Riverkeeper III"); Township of Bordentown v. FERC, 903 F.3d 234 (3d Cir. 2018)), and DEP's brief (Doc. 34) in opposition, which echoes Transco's brief, and the court observing that our court of appeals has held that the NGA "does not purport to meddle with the inner workings of [a state] agency's [permit] approval process or to insert federal appellate courts arbitrarily into the state administrative scheme," Bordentown, 903 F.3d at 272, that 15 U.S.C. § 717r(d)(1) "merely requires that *judicial* challenges to the outcome of the administrative process" go directly to the federal circuit courts of appeals, id. (emphasis added), that "the NGA leaves untouched the state's internal administrative review process, which may continue to operate as it would in the ordinary course under state law," id. at 268, and that the term "civil action" as used in Section 717r(d)(1) "does not refer to hearings or

---

the instant motion to dismiss and related briefs largely are duplicative of those raised at the preliminary injunction stage. Accordingly, we incorporate by reference our prior analysis of those issues, as supplemented herein.

2

other quasi-judicial proceedings before administrative agencies," id. at 267, and the court further observing that the EHB is an administrative agency that does not entertain civil actions, see Cole v. Pa. Dep't of Env't Prot., 257 A.3d 805, 815 (Pa. Cmwlth. Ct. 2021) (*en banc*) (holding that EHB has jurisdiction to hear appeals of DEP actions on projects regulated under the NGA),[2] and the court noting that our order (Doc. 30) denying Transco's motion (Doc. 8) for preliminary injunction—which turned upon our finding that Transco was not likely to succeed on the merits of this question, (see Doc. 29 at 6-16)—was affirmed by our court of appeals, see Transcontinental Gas Pipe Line Co. v. Pa. Env't Hr'g Bd., No. 23-2052, Doc. 51 (3d Cir. Oct. 31, 2023), and further noting that Transco's argument relies in part upon nonprecedential caselaw that predates both the Riverkeeper cases and Bordentown, (see Doc. 33 at 11-13 nn.11, 13 (citing Tenn. Gas Pipeline Co. v. Del. Riverkeeper Network, 921 F. Supp. 2d 381, 390, 391 (M.D. Pa. 2013), rejected in part by Riverkeeper III, 903 F.3d at 71)), and the court concluding that Transco's claims fail as a matter of law because the NGA "does not mandate the filing of a civil action in lieu of exhausting administrative remedies; it provides only that *if* a civil action is filed, it must be filed with the Third Circuit," (Doc. 29 at 16 (citing Bordentown, 903 F.3d at 271-72)), it is hereby ORDERED that:

1. The EHB Appellants' motion (Doc. 27) to dismiss is GRANTED.

2. Transco's complaint (Doc. 1) is DISMISSED with prejudice.

---

[2] Following the Commonwealth Court's decision in Cole, DEP filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the court granted on August 3, 2023. See Cole v. Pa. Dep't of Env't Prot., 302 A.3d 1195 (Pa. 2023) (*per curiam*).

3

3. The Clerk of Court shall CLOSE this case.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner
          United States District Judge
          Middle District of Pennsylvania

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2024, the foregoing was filed and served electronically through the Court's CM/ECF system on all counsel of record.

*/s/ Elizabeth U. Witmer*
Elizabeth U. Witmer
Saul Ewing LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
Phone: (610) 251-5062
Fax: (610) 651-5930
Elizabeth.Witmer@saul.com

*Attorney for Appellant*
*Transcontinental Gas Pipe Line*
*Company, LLC*
